UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
) JUDGE RICHARD L. SPEER
Jeremy Woods )
) Case No. 08-32651
Debtor(s) )
)

## DECISION AND ORDER

This cause is before the Court on the Report filed by the Creditor, Commercial Savings Bank. In this Report, the Creditor requests that it "should be permitted to file a Rule 60(b)(4) motion to set aside the Chapter 13 Plan insofar as it concerns the Claimant Commercial Savings Bank." (Doc. No. 39). This matter arose as the result of this question placed before the Court: Is Commercial Savings Bank, having failed to file a formal objection, bound by the terms of the Debtor's confirmed plan of reorganization which provided therein that property surrendered shall constitute full consideration of its claim?

On this question, the Commercial Savings Bank set forth in its Report "that the Debtor should not be permitted to discharge its claim by such a misrepresentation in its Plan without a full adversary hearing." *Id.* at pg. 1. In support thereof, the Creditor cited to the Sixth Circuit's decision in *In re Ruehle*, 412 F.3d 679 (6th Cir. 2005). In this decision, the Court held that the portion of a confirmed Chapter 13 plan discharging a debtor's student loans by declaration was void because the debtor failed to initiate an adversary proceeding alleging undue hardship, as required by 11 U.S.C. § 523(a)(8) and FED. R. BANKR. P. 7001(6).

In the specific context presented here, involving a deficiency on a secured claim, other decisions appear to support the application of the principle enunciated in *In re Reuhle*. *See, e.g., In re Mansaray-Ruffin*, 530 F.3d 230 (3rd Cir. 2008) (even if confirmed, a Chapter 13 debtor may not

In re: Jeremy Woods
Case No. 08-32651

invalidate a lien through a Chapter 13 plan provision, but must file an adversary proceeding). Also, as a practicable matter, it is uncertain whether the Debtor's use of a Chapter 13 plan provision to eliminate the deficiency claim of Commercial Savings Bank is proper given the following sequence of events:

> On May 22, 2008, the Debtor filed his petition and plan of reorganization. (Doc. No. 1 & 3).
>
> On July 23, 2008, the Creditor, Commercial Savings Bank, filed a proof of claim (Cl. No. 2-1).
>
> On July 31, 2008, at a hearing held on confirmation, the Debtor's Chapter 13 plan was confirmed as proposed. (Doc. No. 15).
>
> On August 5, 2008, the Debtor filed an objection to the Creditor's proof of claim. (Doc. No. 16).
>
> On August 7, 2008, the Court issued an order, setting the Hearing on the Debtor's objection to claim for September 17, 2008. (Doc. No. 17).
>
> On August 28, 2008, the Court entered a formal written order confirming the Debtor's Chapter 13 plan. (Doc. No. 20).

Particularly, it is noted here that the Debtor did not file an objection to the Creditor's proof of claim until after the confirmation hearing. *See In re Bateman*, 331 F.3d 821, 831 (11th Cir. 2003) (a debtor may not use the binding effect of plan confirmation under § 1327(a) to override the specific mandate of § 502(a) which deems a claim allowed unless an objection is filed). *See also In re Harnish*, 224 B.R. 91, 93-94 (Bankr.N.D.Iowa 1998) (discussing the various approaches courts have taken with regards to claims and plan confirmation).

Page 2

In re: Jeremy Woods
Case No. 08-32651

Accordingly, for these reasons, the Court finds the request of the Creditor, Commercial Savings Bank, to file a Rule 60(b)(4) Motion to be well taken.

It is therefore,

**ORDERED** that the Creditor, Commercial Savings Bank, is hereby given until Monday, February 16, 2009, to file a Rule 60(b) Motion; the Debtor, Jeremy Woods, is hereby afforded until Monday, March 2, 2009, to file a response to the Creditor's Motion. After that time, the Court will make a determination what, if any, further action is necessary.

Dated: January 30, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 3