# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
      )   **JUDGE RICHARD L. SPEER**
Jeremy Woods  )
      )   Case No. 08-32651
    Debtor(s)  )
      )

## DECISION AND ORDER

Before this Court is the Motion of the Creditor, Commercial Savings Bank, to Allow Claims and Vacate Judgment. The Debtor, Jeremy Woods, filed a response to this Motion, asking the Court to deny the relief sought by the Creditor. (Doc. No. 44). For the reasons now explained, the Court, after having had the opportunity to review the respective positions of the Parties, finds the Motion of the Creditor to be supported by applicable law. Thus, the Motion will be Granted.

## FACTS

In consideration for what was termed a "Loan Work-Out," the Debtor, Jeremy Woods, signed a promissory note in favor of the Creditor, Commercial Savings Bank (hereinafter the Parties will be respectively referred to as the "Debtor" and the "Creditor"). The principal amount of the loan was $91,700.00. After defaulting on the payments required under the terms of the note, the property securing the note was sold in a foreclosure action. A deficiency balance of $76,710.44 resulted. (Doc. No. 19).

On May 22, 2008, the Debtor filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. (Doc. No. 1). At the time he filed his petition, the Debtor also submitted a plan of reorganization. (Doc. No. 4). In paragraph 8 of his plan of reorganization it was set forth:

**In re: Jeremy Woods**
**Case No. 08-32651**

> 8. PROPERTY TO BE SURRENDERED
>
> Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.
>
>        Creditor               Property Description
>
> Commercial Savings Bank - property surrendered in full consideration of claim

*Id.*

After the Debtor filed his plan of reorganization, the following sequence of events then occurred:

> On July 23, 2008, the Creditor, Commercial Savings Bank, filed a proof of claim in the amount of $76,710.44. (Cl. No. 2-1). The basis for the claim was set forth as "money loaned - defeciency [sic] balance on loan". *Id.*
>
> On July 31, 2008, at a hearing held on confirmation, the Debtor's Chapter 13 plan was confirmed as proposed. (Doc. No. 15).
>
> On August 5, 2008, the Debtor filed an objection to the Creditor's proof of claim. (Doc. No. 16).
>
> On August 7, 2008, the Court issued an order, setting the Hearing on the Debtor's objection to claim for September 17, 2008. (Doc. No. 17).
>
> On August 28, 2008, the Court entered a formal written order confirming the Debtor's Chapter 13 plan. (Doc. No. 20).

Page 2

**In re: Jeremy Woods**
**Case No. 08-32651**

In response to the last event, confirmation of the debtor's plan, the Creditor filed a pleading, asking that it be permitted to file a Rule 60(b)(4) motion to set aside that portion of the Debtor's Chapter 13 plan, as set forth in paragraph 8, which provided that the claim held by the Creditor would be fully satisfied by the Debtor's surrender of its collateral. (Doc. No. 39). In a Decision and Order entered on January 30, 2009, the Court granted the Creditor's request, finding that, on the basis of the law and facts presented to the Court, the Creditor had made a viable claim that the Debtor's confirmed Chapter 13 plan impermissibly discharged the Creditor's deficiency claim. (Doc. No. 41). Based upon this Order, the Creditor filed a Motion to Allow Claims and Vacate Judgment. (Doc. No. 43). Thereafter, the Debtor filed a timely response, setting forth that relief from judgment should be denied because the Creditor, "Commercial Savings Bank failed to respond within the time frame to do so in regards to the Debtor's Plan . . . ." (Doc. No. 44).

## DISCUSSION

By way of their pleadings, the Parties have placed a single legal issue before the Court for determination: Is Commercial Savings Bank, having failed to file a formal objection, bound by the terms of the Debtor's confirmed plan of reorganization which provided therein that property surrendered shall constitute full consideration of its claim? Pursuant to 28 U.S.C. § 157(b)(2)(L), resolution of this question, as it directly concerns plan confirmation, is deemed to be "core proceedings" over which this Court has jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

Although not directly cited, the Debtor's position, that the Creditor is precluded from contesting the manner in which its claim was treated, relies on Bankruptcy Code § 1327(a). This section binds a creditor to the terms of a debtor's confirmed Chapter 13 plan, providing:

Page 3

In re: Jeremy Woods
Case No. 08-32651

> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

The purpose of § 1327(a) is to provide finality to a confirmation order so that all parties may rely upon it. *In re Cleveland*, 349 B.R. 522 (Bankr. E.D.Tenn. 2006). Toward this end, a court's confirmation of a debtor's plan of reorganization operates as *res judicata* to those matters actually litigated, or that could have or should have been litigated, as well as to any issue(s) necessarily determined by the confirmation order – for example, whether the plan complies with §§ 1322 (Contents of Plan) and 1325 (Confirmation of Plan) of the Bankruptcy Code. *Multnomah County v. Ivory (In re Ivory)*, 70 F.3d 73, 75 (9th Cir. 1995).

However, despite the *res judicata* effect of plan confirmation, not all plan provisions are necessarily binding on a creditor. Importantly, a debtor may not use the plan confirmation process to deny a creditor of its right of due process. *Brawders v. County of Ventura (In re Brawders)*, 503 F.3d 856, 868 (9th Cir. 2007). From this perspective, this Court has declined to afford *res judicata* effect to a provision placed in a confirmed Chapter 13 plan where the debtor, in lieu of bringing an adversary proceeding as required by the bankruptcy rules of procedure, sought to avoid a secured creditor's lien through a provision placed in a plan of reorganization. *In re Burner*, 321 B.R. 432 (Bankr. N.D.Ohio 2004). This approach was later employed by the Sixth Circuit Court of Appeals in *Ruehle v. Educational Credit Mgmt. Corp. (In re Ruehle)*, 412 F.3d 679 (6th Cir. 2005).

In *In re Ruehle*, the question before the Court was similar: Could a debtor, as opposed to bringing an adversary proceeding as required by the bankruptcy rules of procedure,[1] discharge a

---

[1] Bankruptcy Rule 7001(6) requires that determinations involving the dischargeability of a particular debt be made by an adversary proceeding.

Page 4

In re: Jeremy Woods
Case No. 08-32651

student-loan obligation by declaring the debt discharged in a Chapter 13 plan? The debtor's proposed plan in *In re Ruehle*, as confirmed by the court, had included language to the effect that confirmation would constitute a finding of "undue hardship," thereby qualifying the debt for discharge under § 523(a)(8). In upholding the bankruptcy court's decision to vacate the discharge order, insofar as it concerned the student-loan debt, the Court in *In re Ruehle* held that the discharge of a student-loan debt by declaration in a Chapter 13 plan was void and subject to being set aside on a motion for relief from judgment. In doing so, the Court, on due process grounds, found that the finality afforded to confirmed plans under § 1327(a) cannot short circuit the bankruptcy rules of procedure which require the commencement of an adversary proceeding to discharge a student-loan debt.

As in *In re Ruehle*, bankruptcy law provides for a mechanism, apart from the plan confirmation process, for handling claims including objection thereto. First, as a matter of statute, § 502(a) of the Bankruptcy Code directs that, once a proof of claim is filed, it is "deemed allowed," unless a party in interest objects. Section 502(b) then goes on to provide that the court "shall allow" the claim in the amount determined, except to the extent it falls within one of nine enumerated categories of prohibited claims. The nine categories of prohibited claims in § 502(b) are exclusive, and do not count among their grounds for disallowance that a debtor's plan had provided for the claim's disallowance. *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 127 S.Ct. 1199, 1206, 167 L.Ed.2d 178 (2007).

As an evidentiary matter, the bankruptcy rules of procedure set forth that a properly filed claim "shall constitute prima facie evidence of the validity and amount of the claim." FED.R.BANKR.P. 3001(f). Procedurally, when objecting to a proof of claim, Bankruptcy Rule 3007(a) requires that an "objection to the allowance of a claim shall be in writing and filed." The objection must also be "mailed or otherwise delivered to the claimant, . . . at least 30 days prior to the hearing." An objection to a proof of claim initiates a contested matter. FED.R.BANKR.P. 9014.

Page 5

**In re: Jeremy Woods**
**Case No. 08-32651**

On all fronts, the Debtor has failed to comply with these requirements. The only pre-confirmation notice the Creditor received that its claim could be placed in jeopardy occurred at the commencement of the case, through the Debtor's proposed plan which provided "property surrendered in full consideration of claim." However, whatever the efficacy of this provision, this proposed treatment was clearly challenged when the Creditor thereafter filed its proof of claim, asserting therein a deficiency claim for $76,710.44. After this point, it was reasonable for the Creditor to expect that any challenge to its claim would comply with the substantive and procedural requirements just outlined. *See Varela v. Dynamic Brokers, Inc. (In re Dynamic Brokers, Inc.)*, 293 B.R. 489, 497 (9th Cir. B.A.P. 2003) (debtor cannot sandbag creditor by sneaking objection to claim into plan). This, however, did not occur, with the Debtor not objecting to the Creditor's claim until after plan confirmation, and then only on the basis that the confirmed plan was dispositive as to the claim, a ground which is not recognized in § 502(b) for a claim's disallowance.

Given these deficiencies, this Court, as in *In re Ruehle*, is loathe to read the general language of § 1327(a), concerning the binding effect of a confirmed Chapter 13 plan, in such a way so as to bypass the specific protections, both substantive and procedural, afforded to proof of claims by the Bankruptcy Code and Rules. *In re Bateman*, 331 F.3d 821, 830 (11th Cir. 2003) (the specific provisions concerning proofs of claim control the more general provision of § 1327(a)); *Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318, 321 (9th Cir. B.A.P. 1991) ("§ 502(a) is the statutory provision which specifically governs questions of claims allowance and, consequently, should control over the more general policy considerations embodied in § 1327(a)"). At its most basic level, *In re Ruehle* may be said to stand on the idea that where bankruptcy law establishes a procedural framework for handling disputes, compliance with that standard should be consulted when evaluating whether a party was accorded due process.

Page 6

In re: Jeremy Woods
Case No. 08-32651

This is not to say that, where a creditor files a proof of claim, a provision in a confirmed plan can never operate to reduce, eliminate or otherwise modify the creditor's claim. To the contrary, the plan confirmation process can often be the proper forum when addressing disputes concerning the treatment of a creditor's claim. FED.R.BANKR.P. 3015(f). However, the question in this regard is still one of due process. *In re Harris*, 293 B.R. 438 (Bankr. N.D.Ohio 2003). That is, did the confirmation process afford the creditor with notice that was reasonably calculated, under all of the circumstances, to appraise it that its rights may be placed in jeopardy. *Id.* at 441.

Where, as here, a debtor's proposed plan of reorganization is submitted prior to a creditor filing a proof of claim, the Court must answer this question in the negative. Under this condition, a creditor, having responded to a debtor's plan by filing a proof of claim, has the right to rely on its claim, and any dispute concerning the claim should be resolved through the methods delineated by bankruptcy law. But, for example, this decision leaves open the question of whether a proposed plan, when filed subsequent to a creditor's proof of claim, would put the creditor on sufficient notice that its claim may be placed in jeopardy. All the same, when an alternative procedure is used to dispute a creditor's claim, the objector proceeds at their own risk. As noted in the case of *In re Garvida*: "Considerations of due process mandate caution when ersatz procedure is used and require that the creditor receive specific notice and be afforded the same opportunity to litigate one-on-one, as would occur in a straightforward claim objection under Rule 3007." 347 B.R. 697, 704 (9th Cir. B.A.P. 2006).

In sum, the Court, in following the holding of the Sixth Circuit in *In re Ruehle*, holds that under the facts as they exist here, a debtor cannot use the terms of a confirmed plan to eliminate a creditor's deficiency claim when these two conditions are present: (1) the creditor files a proof of claim for a deficiency subsequent to the debtor filing their proposed plan; and (2) where the debtor does not, prior to confirmation, formerly object to the creditor's proof of claim.

Page 7

**In re: Jeremy Woods**
**Case No. 08-32651**

Yet, even assuming that the Debtor's proposed plan had operated as an objection to the Creditor's claim, a further procedural defect exists. Language in a plan, purporting to impair a creditor's claim, must be stated in clear and unambiguous terms. *Brawders v. County of Ventura (In re Brawders)*, 503 F.3d 856, 867 (9th Cir. 2007). ("a plan should clearly state its intended effect on a given issue."). Insofar as it concerns the elimination of the Creditor's deficiency claim, however, the language of the Debtor's plan is conflicting.

On the one side, there is no mistaking the Debtor's intention with respect to the Creditor's claim. Paragraph 8 of the Debtor's plan of reorganization, entitled "property to be surrendered," unequivocally set forth that the Creditor's property had been "surrendered in full consideration of claim." Yet, this language cannot be viewed in isolation, and must be read in light of the boilerplate language also contained in paragraph 8 of the Debtor's plan. *General Electric Capital Corp. v. Dial Business Forms (In re Dial Business Forms, Inc.)*, 283 B.R. 537, 541 (8th Cir. B.A.P. 2002), *aff'd* 341 F.3d 738 (8th Cir.2003). This language provided for a number of things.

In the first sentence of paragraph 8, it was set forth that the "Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan." Taken at face value, this provision could easily be construed as limiting the breadth of paragraph 8 to only property surrendered postpetition, and not, as here, to property recovered by a creditor through a prepetition legal action. *See, e.g., In re White*, 487 F.3d 199, 206 (4th Cir.2007) (surrender in the § 1325(a) context has been defined as the relinquishment of any rights in the collateral, including the right to possess the collateral). More conflicting, however, are the next two sentences in paragraph 8.

The second and third sentences in paragraph 8 of the Debtor's plan provide:

Page 8

In re: Jeremy Woods
Case No. 08-32651

> The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

Taken together, these provisions necessarily contemplate that a creditor would be entitled to file a deficiency claim so long as it was filed timely.

To be sure, specific plan language, which in this case provided for the elimination of the Creditor's deficiency claim, will normally control over general plan language. However, it is also true that ambiguities in plan language must be construed against a debtor, as the drafter of the document. *In re Sims*, 358 B.R. 217, 225 (Bankr. E.D.Pa. 2006). On balance, therefore, with paragraph 8 of the Debtor's plan containing conflicting provisions, a prudent reading would suggest that, when read as whole, the paragraph should be construed as allowing the Creditor to file a proof claim if it wished to dispute the plan's treatment of its claim.

Consequently, for this reason, and for those reasons previously set forth concerning the lack of procedural due process afforded to the Creditor, it is the decision of the Court that the Debtor's confirmed Chapter 13 plan or reorganization did not operate so as to eliminate the Creditor's deficiency claim. Moreover, as the Debtor has not set forth any basis for the claim's disallowance under § 502(b), the claim will be allowed according to the amount set forth in the Creditor's proof of claim; to wit: an unsecured claim of $76,710.44. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

**In re: Jeremy Woods**
**Case No. 08-32651**

Accordingly, it is

***ORDERED*** that the Creditor's Motion to Allow Claims and Vacate Judgment, be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that the Debtor's objection to the proof of claim filed by the Creditor, Commercial Savings Bank, (Claim No. 2), be, and is hereby, OVERRULED.

***IT IS FURTHER ORDERED*** that the Debtor's confirmed plan of reorganization is hereby modified so as to allow the Creditor, Commercial Savings Bank, an unsecured claim of $76,710.44.

Dated: April 3, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 10

Certificate of Service

A copy of the foregoing Decision and Order has been sent this 3rd day of April, 2009 to the following parties:

Linden J Beck
PO Box 145
102 E Findlay St
Carey, OH 43316

Commercial Savings Bank
118 S Sandusky Ave
Upper Sandusky OH   43351

John P. Gustafson
Office of the Chapter 13 Trustee
316 N. Michigan St.
#501
Toledo, OH 43604

Jeremy Jonathon Woods
1774 P Rd
Fruita, CO 81521

Patti Baumgartner-Novak
612 S Main St
Heck Bldg
#104
Findlay, OH 45840

Sherry Heyman